# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**LEROY LENARD WATSON,**

    **Plaintiff,**

**vs.**                                       **Case No. 4:19cv209-WS/CAS**

**OFFICER H. R. SULLIVAN, et al.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, a state prisoner currently incarcerated at Baker Correctional Institution, submitted a pro se civil rights complaint, ECF No. 1, pursuant to 42 U.S.C. § 1983. Plaintiff also submitted a motion requesting leave to proceed in forma pauperis. ECF No. 2. Ruling on that motion is deferred.

Plaintiff's complaint has been reviewed because the Defendants in this case are all located in Jacksonville, Florida. ECF No. 1 at 2-3. Plaintiff alleged that he was "beaten by two police officers" and states that they used unnecessary force on him. *Id.* at 5, 12. Plaintiff submitted a copy of the related arrest report which confirms that the events at issue occurred in Jacksonville. *Id.* at 13. Jacksonville is within Duval County, Florida, and is

not within the territorial jurisdiction of this Court; it is within the Middle District of Florida.

The venue statute provides that a civil action may be brought in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located" or in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ." 28 U.S.C. § 1391(b)(1),(2). This case was filed in the wrong district. Venue is appropriate in the Middle District of Florida because the Defendants reside there and Plaintiff's claim arose within Duval County (Jacksonville). The proper forum for this action pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 89(b) is in the United States District Court for the Middle District of Florida, Jacksonville Division.

When a case is filed in the wrong division or district, the venue statute provides that the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). A court may raise the issue of defective venue sua sponte, but should not dismiss an improperly filed case for lack of venue without giving the parties an opportunity to respond. Kapordelis v. Danzig, 387 F. App'x 905, 906 (11th Cir. 2010); Lipofsky v.

Case No. 4:19cv209-WS/CAS

<u>New York State Workers Comp. Bd.</u>, 861 F.2d 1257, 1259 (11th Cir. 1988). Justice is better served by transferring this case to the appropriate forum rather than dismissing it.  There is no need for a hearing prior to directing transfer.

In light of the foregoing, and pursuant to 28 U.S.C. §§ 1406(a), it is respectfully **RECOMMENDED** that this case be transferred to the United States District Court for the Middle District of Florida, Jacksonville Division, for all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on May 30, 2019.


 s/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**
Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case No. 4:19cv209-WS/CAS